## Kaufmann *v.* Friday, Appellant.

*Evidence—Parol evidence to vary written instrument—Principal and surety.*

In an action on a written contract of suretyship evidence of a parol agreement relating to the same subject-matter as the written contract, and contradicting it in its terms, is inadmissible in the absence of any allegation that it was omitted through fraud, accident or mistake, or that it was the inducement for the execution of the written contract.

Argued Oct. 31, 1901.   Appeal, No. 96, Oct. T., 1901, by

defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 157, on verdict for plaintiff in case of Jacob Kaufmann, Isaac Kaufmann, Morris Kaufmann and Henry Kaufmann, trading as Kaufmann Brothers, v. William J. Friday. Before McCollum, C. J., Mitchell Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on contract of suretyship. Before Collier, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,006.25. Defendant appealed.

*Errors assigned* were (1–7) rejecting evidence of alleged parol agreement; (8) in giving binding instructions for plaintiff.

*Walter Lyon*, with him *Charles H. McKee* and *H. Walton Mitchell*, for appellant.

*W. B. Rodgers*, for appellee.

Opinion by Mr. Justice Fell, January 6, 1902:

This action was on a contract of suretyship. The assignments of error relate to the rejection of testimony offered to show that the creditors had failed to apply money in their hands to the discharge of the debt; that they had neglected to proceed until the principal debtor had become insolvent; that they had extended the time of payment without the consent of the defendant; and had misled him by informing him that the debt had been paid. The point of the case is whether any of these defenses were available under the facts as presented.

In January, 1895, Friday, the appellant, became surety for the payment by Rowan, who was the lessee of a hotel owned by Kaufmann Brothers, of one half of the rent to become due and one half of a debt of $3,000 secured by mortgage. In September, 1895, an execution was issued by a third party, and the leasehold and personal property on the premises were levied on. A second agreement was then made, to which Kaufmann Brothers as owners of the hotel, Friday as surety for the payment of the rent, and Casey and Roth who proposed to pur-

chase the property levied on and to conduct the hotel, were parties. By the terms of the agreement, Casey and Roth were to bid as high as $6,000 if necessary to acquire the property; if they became purchasers at a bid not sufficient to pay the costs, labor claims, and rent, to the amount of $3,850, they were to make up the deficiency in the rent; if their bid was more than sufficient to pay the costs, labor claims and rent, then Kaufmann Brothers were to return to them the excess when they received the same from the sheriff on account of their claim for rent, of which they had given him notice. In this agreement it was further provided that if Casey and Roth became the purchasers, and the agreement was carried out Friday was "to be released of and from all liability as surety for the said John Rowan for rent as tenant of the said Kaufmanns for the year beginning April 1, 1895." Casey and Roth became the purchasers at the sheriff's sale, the agreement was carried out, and Friday was released from his obligation as surety for the rent. Rowan failed to pay the mortgage debt, and this suit was brought against Friday to recover one half thereof for which he was liable under the first agreement. It will be observed that the second agreement released Friday from his obligation as surety for the rent, but it did not affect his liability as surety for the debt secured by mortgage, which this suit was brought to enforce. The sixth assignment embodies the substance of all the others except the fifth. The offer on which it was founded was to prove that Kaufmann Brothers received from the sheriff $2,868 more than the amount required to pay Rowan's rent; that while the written agreement provided that the surplus should go to Casey and Roth, a contemporaneous parol agreement provided that Casey and Roth should assume all of Friday's obligations to Kaufmann Brothers as surety for Rowan ; and that it was agreed by all parties that any surplus should be applied to the extinguishment of Friday's liability as surety. The parol agreement attempted to be set up related to the same subject-matter as the written contract, and varied and contradicted its terms. There being no allegation that it was omitted through fraud, accident or mistake, or that it was the inducement for the execution of the written contract, proof of it was inadmissible.

Proof that during the solvency of Casey and Roth, Kauf-

mann Brothers informed Friday that Rowan's debt for which he was liable had been paid, would have been admissible as tending to establish an estoppel, but the offer, the rejection of which is the subject of the fifth assignment, went only to the debt for rent guaranteed by the second agreement.

The judgment is affirmed.